June 26, 2025

Clerk of the Court
United States Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, DC 20001

RECEIVED
Mailroom

JUN 2 7 2025

Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

To Whom It May Concern:

Please find enclosed my resubmission of the Petition for Review, originally sent within the 60-day window but returned due to an incorrect filing fee.

Included in this updated submission are:

- A corrected money order in the proper filing amount,
- A copy of my original Petition for Review,
- My termination letter from American Airlines,
- My case dismissal letter from Texas,
- Several CDC dog import permits under my name with associated travel dates,

demonstrating my professional history of animal transport.

Please note, I also included a copy of the original filing packet with delivery confirmation showing it was timely sent. This is my first time filing pro se, and I respectfully request that the Court accept this submission despite the delay caused by the returned filing.

If any further information or corrections are needed, please contact me at nykohill@gmail.com so I can resolve the matter promptly. Upon acceptance, I would like to proceed with e-filing for the remainder of the case.

Sincerely,

Kennyko Avery
21708 Ives Drive
California City, CA 93505
Email: nykohill@gmail.com

# PETITION FOR REVIEW

United States Court of Appeals
For the District of Columbia Circuit

PETITION FOR REVIEW

Pursuant to 49 U.S.C. § 46110, I, Kennyko Leejon Avery, respectfully file this petition for review of the final order issued by the Transportation Security Administration (TSA) against me, designated in FAA records as a Security Threat Determination.

I am proceeding pro se.

I was arrested in Texas on June 27, 2023, under allegations that were later dismissed by both the Kinney County District Attorney and a state judge on October 12, 2023. The dismissal was based on a lack of probable cause and the prosecutor's own letter acknowledges factual inconsistencies and a lack of evidence.

Despite the dismissal, the TSA issued a Determination of Security Threat in November 2024—several months after I had already resumed work as a flight attendant for American Airlines. I had been removed from the schedule immediately after the arrest (July 2023), but resumed full flying duties from February 2024 to November 2024 without any incident. TSA then issued a Security Threat Determination in November 2024, causing my termination from American Airlines on March 20, 2025.

I withdrew from the TSA's Administrative Law Judge (ALJ) process on May 1, 2025, after I became convinced that the process was unfairly biased toward the agency. The ALJ allowed TSA to use video and photographic evidence not disclosed to me, denied every one of my motions, and permitted TSA to contact my employer without my consent—causing additional professional and reputational damage. The ALJ denied my right to submit all relevant CBP secondary screenings (of which I have had over 20 since the arrest), while allowing TSA to cherry-pick reports that painted me unfairly.

This TSA determination has placed an unlawful and unjustified hold on my professional aviation credentials, despite the fact that I am otherwise eligible to pass background checks required for law enforcement, military enlistment, school employment, and even to receive a license to carry a firearm (which I have recently been approved for again).

I travel internationally weekly. I have passed through customs and secondary screenings without any incident. I pose no threat and there is no basis for TSA's continued hold on my status.

I respectfully ask this Court for emergency relief: to immediately and temporarily reinstate my FAA credentials while the merits of this petition are evaluated. I am suffering severe financial and emotional harm. My career, benefits, and ability to work have been unlawfully halted by an agency that ignored its own deadlines, failed to provide due process, and acted contrary to both the letter and spirit of administrative fairness.

Respectfully submitted,

Kennyko Leejon Avery
21708 Ives Drive
California City, CA 93505
(323) 426-1080
nykohill@gmail.com

Date: June 16, 2025



Transportation
Security
Administration

**APR 2 2 2025**

**By First Class and Certified Mail - Return Receipt Requested**

Kennyko Leejon Avery
26927 Princeton St
Inkster, MI 48141-2311
United States

Kennyko Leejon Avery
21708 Ives Dr
California City, CA 93505-1629
United States

Kennyko Leejon Avery
1800 Main Street Apt 1250
Dallas, TX 75201-5221
United States

Re: Confirmation of Determination of Security Threat
Federal Aviation Administration Airman Certificate Number 004293446 and
004059789

Dear Kennyko Leejon Avery:

On 25 Nov 2024, the Transportation Security Administration (TSA) served upon you and the Federal Aviation Administration (FAA) a Determination of Security Threat pursuant to Title 49, United States Code (U.S.C.), section 46111.

After personally reviewing the Determination of Security Threat, your reply, and any other materials or information available to TSA, I have determined that you pose, or are suspected of posing, a security threat.

Certificate holders served letters confirming the Determination of Security Threat may request review of TSA's determination by an administrative law judge (ALJ). You have previously done so, and that matter has been assigned Docket Number 24-TSA-0293. Therefore, a copy of the Interim Redress Procedures for FAA Certificate Holders – U.S. Citizens is enclosed for your reference.

Sincerely,

Stacey Fitzmaurice
Executive Assistant Administrator
Operations Support

Enc.

**Transportation Security Administration**
**Interim Redress Procedures for FAA Certificate Holders – U.S. Citizens**

Sec.
1       Scope and general requirements.
101     General.
103     U.S. citizens: Determination of Security Threat.
105     U.S. citizens: Information exchange.
107     U.S. citizens: ALJ review.
109     U.S. citizens: Review by the Transportation Security Oversight Board.
111     U.S. non-citizen nationals and lawful permanent residents: Determination of Security Threat.

## § 1  Scope and general requirements.

(a) <u>Applicability</u>.  These interim procedures apply to an FAA certificate holder who is a U.S. citizen.

(b) [reserved]

(c) <u>Nondisclosure of certain information</u>.  In connection with the procedures in this part, TSA does not disclose to a person subject to proceedings under this part, or such person's counsel, classified information, as defined in E. O. 13526 section 1.4, and reserves the right not to disclose any other information or material not warranting disclosure or protected from disclosure under law.

(d) <u>Representation</u>.  Any party may be accompanied, represented, or advised by an attorney or representative designated by the party, at the party's expense, and may be examined by that attorney or representative in any proceeding governed by these procedures.  An attorney or representative who represents a respondent and has not previously filed a pleading in the matter must file a notice of appearance in the action, and must serve a copy of the notice of appearance on each party, before participating in any proceeding governed by these procedures. The attorney or representative must include the name, address, and telephone number of the attorney or representative in the notice of appearance.  Upon hearing, and for good cause shown, the ALJ or the TSA Final Decision Maker may suspend or bar any person from practicing before it.

## §101  General.

(a) <u>Applicability</u>.  These interim procedures apply to any individual FAA certificate holder who is a U.S. citizen to whom TSA has served a Determination of Security Threat as provided in these procedures.

(b) <u>Determination of Security Threat, Final Determination of Security Threat, and Withdrawal of Determination of Security Threat</u>.  Under these procedures, TSA may serve the following Determinations:

(1) TSA will serve a Determination of Security Threat on a certificate holder and the FAA when TSA determines that a certificate holder poses or is suspected of posing a security threat, and the FAA will issue an Order amending, modifying, suspending, or revoking any part of a certificate as provided in 49 U.S.C. 46111. A certificate holder may seek administrative and judicial review of a TSA Determination of Security Threat or an FAA Order as provided in these procedures.

(2) [reserved]

(3) TSA will serve a Withdrawal of Determination of Security Threat on a certificate holder and the FAA either in accordance with the provisions of these procedures, or when TSA determines that the certificate holder does not pose and is not suspected of posing, a security threat. TSA may serve a Withdrawal of Determination of Security Threat at any time during the administrative and judicial review provided in these procedures.

(c) <u>Extension of time</u>. TSA may grant a certificate holder an extension of the time limits in these procedures for good cause shown. A certificate holder's request for an extension of time must be in writing and be received by TSA within a reasonable time before the due date to be extended; or a certificate holder may request an extension after the expiration of a due date by sending a written request describing why the failure to file within the time limits was excusable. TSA may grant itself an extension of time for good cause.

(d) <u>Requirements for judicial review</u>. No decision is final for purposes of judicial review under 49 U.S.C. 46110 except a final administrative decision upon appeal. The Action of the TSOB constitutes the final administrative decision for U.S. citizens.

(e) <u>Terms used in these procedures</u>. In addition to the terms in 49 CFR part 1500 and § 1515.3, the following terms apply:

<u>Action</u> means the action of the TSOB Review Panel that may affirm, modify, or reverse an ALJ Decision.

<u>Assistant Administrator</u> means the Assistant Administrator for the TSA Office of Law Enforcement/Federal Air Marshal Service.

<u>FAA certificate</u> means a certificate or any part of a certificate issued by the FAA under 49 U.S.C. 44703.

<u>FAA order</u> means an order issued by the FAA, in response to a TSA Determination of Security Threat, that amends, modifies, suspends, or revokes an FAA certificate.

<u>Certificate holder</u> means an individual who holds an FAA certificate.

<u>Party</u> means either a certificate holder appealing a Determination of Security Threat or FAA Order, or the TSA, during proceedings before an administrative law judge, , or a panel of the TSOB.

Releasable materials means all relevant documents that support the Determination of Security Threat disclosed to the maximum extent that the national security interests of the United States and applicable law permit. TSA does not disclose classified information, as defined in E.O. 13526 section 1.4, or other information or material protected from disclosure under law, such as sensitive security information and sensitive law enforcement information.

Security threat means that an individual poses or is suspected of posing a risk of air piracy; a risk of terrorism, including a threat to transportation or civil aviation security, or other threat to national security; or a threat to airline or passenger safety.

TSOB means the Transportation Security Oversight Board as provided in 49 U.S.C. 115.

TSOB Review Panel means the panel established by the TSOB to review an ALJ Decision, as provided in 49 U.S.C. 46111(d).

### § 103 U.S. citizens: Determination of Security Threat.

(a) Applicability. This section applies to an individual U.S. citizen FAA certificate holder.

(b) Issuance. If the Deputy Administrator determines that an FAA certificate holder poses or is suspected of posing a security threat, the Deputy Administrator will serve a Determination of Security Threat upon that individual and the FAA. The Determination of Security Threat will include the following:

(1) A statement that the Deputy Administrator reviewed the materials upon which the Determination of Security Threat was based.

(2) A statement that the Deputy Administrator has determined that the certificate holder poses or is suspected of posing a security threat.

(3) A request that the FAA issue an immediately effective Order either amending, modifying, suspending, or revoking the FAA certificate, as provided in 49 U.S.C. 46111.

(4) Information on how the certificate holder may engage in an information exchange with TSA and seek review of the TSA Determination of Security Threat and the FAA Order.

(c) FAA Order. After the FAA receives the Determination of Security Threat it will issue an Order amending, modifying, suspending, or revoking the FAA certificate, as provided in 49 U.S.C. 46111.

(d) Certificate holder response. No later than 60 days from the date of service of the FAA Order, the certificate holder may take one of the following options. A request for both options will be considered a request for option (1).

(1) The certificate holder may engage in an information exchange with TSA by requesting releasable materials from TSA with an option of submitting a reply, as provided in § 105, followed by an opportunity to request review by an administrative law judge (ALJ).

(2) If the certificate holder does not choose to engage in an information exchange, as provided in § 105, the certificate holder may proceed directly to a request for ALJ review as provided in § 107.

### § 105 U.S. citizens: Information exchange.

(a) Applicability. This section applies to an individual U.S. citizen FAA certificate holder.

(b) Certificate holder request for materials. The certificate holder may serve a written request upon TSA for copies of the releasable materials upon which the TSA Determination of Security Threat and FAA Order were based. The certificate holder must serve this request upon TSA no later than 60 days from the date of service of the FAA Order.

(c) TSA response to request for materials. No later than 60 days, or such longer period as TSA may determine for good cause, after receiving the certificate holder's request for copies of the releasable materials, TSA will serve the certificate holder with a response. TSA will not disclose classified information, as defined in Executive Order 13526 section 1.4, or other information or material protected from disclosure under law, such as sensitive security information and sensitive law enforcement information.

(d) Certificate holder reply. The certificate holder may submit a reply to TSA. The certificate holder's reply may include any information the certificate holder believes TSA should consider in reviewing the basis for the TSA Determination of Security Threat and the FAA Order. The certificate holder must submit a reply no later than 60 days from the date of service of TSA's response to the certificate holder's request for releasable materials under paragraph (c) of this section.

(e) TSA review. The Deputy Administrator will review the Determination of Security Threat, the materials upon which the Determination of Security Threat was based, the certificate holder's reply, if any, and any other relevant materials or information available. No later than 90 days after TSA serves the certificate holder with a response to a request for releasable materials, or such longer period as TSA may determine for good cause, TSA will serve a letter confirming the Determination of Security Threat or will serve a Withdrawal of Determination of Security Threat, in accordance with paragraphs (f) and (h) of this section.

(f) Letter confirming Determination of Security Threat. If the Deputy Administrator determines that the certificate holder poses or is suspected of posing a security threat, the Deputy Administrator will serve a letter on the certificate holder confirming the Determination of Security Threat. The letter will include a statement that the Deputy Administrator reviewed the Determination of Security Threat, the certificate holder's reply, if any, and any other materials or information available, and has determined that the certificate holder poses or is suspected of

posing a security threat. A letter confirming the Determination of Security Threat does not constitute a final order under 49 U.S.C. 46110.

(g) ALJ review. If TSA serves the certificate holder a letter confirming the Determination of Security Threat, the certificate holder may request ALJ review of the TSA Determination of Security Threat and FAA Order under § 107(b).

(h) Withdrawal of Determination of Security Threat. If the Deputy Administrator determines that the certificate holder does not pose and is not suspected of posing a security threat, TSA will serve upon the certificate holder and the FAA a Withdrawal of Determination of Security Threat, and the FAA will withdraw the FAA Order.

## § 107 U.S. citizens: ALJ review.

(a) Applicability. This section applies to an individual U.S. citizen FAA certificate holder seeking review of a TSA Determination of Security Threat and the FAA Order as described in § 103.

(b) Request for review. The certificate holder may request a review by an ALJ. If the certificate holder did not request releasable materials under § 105(b), the request must be served no later than 60 days from the date of service of the FAA Order. If the certificate holder requested releasable materials under § 105(b), the request must be served no later than 60 days from the date of TSA's service of a letter confirming the Determination of Security Threat.

(1) The request for review must clearly state the issue(s) to be considered by the ALJ.

(2) The request for review must include a copy of the TSA Determination of Security Threat and the FAA Order. If applicable, the request for review must also include a copy of the letter confirming the Determination of Security Threat and all materials provided by the certificate holder to TSA in the reply filed under § 105(d).

(3) The certificate holder may include in the request for review a request for an in-person hearing before the ALJ.

(4) The certificate holder must file the request for review by mail to the ALJ Docketing Center, as directed in the information enclosed with the Determination of Security Threat.

(5) The certificate holder may request an unclassified summary of classified evidence upon which the TSA Determination of Security Threat and the FAA Order were based. TSA will serve the summary to the extent that the national security interests of the United States and other applicable law permit. TSA will serve the summary no later than 60 days, or such longer period as TSA may determine for good cause, after receiving the certificate holder's request.

(c) Extension of time. The ALJ may grant an extension of time limits for good cause shown. A request for an extension of time must be in writing and be received by the ALJ within a reasonable time before the due date to be extended; or a party may request an extension after

the expiration of a due date by sending a written request describing why the failure to file within the time limits was excusable.

(d) Duties of the ALJ. (1) The ALJ must possess the appropriate security clearance necessary to review classified or otherwise protected information and evidence.

(2) The ALJ may do the following:

(i) Receive information and evidence.

(ii) Determine whether an in-person hearing is warranted.

(iii) Give notice of and hold conferences and hearings.

(iv) Administer oaths and affirmations.

(v) Examine witnesses.

(vi) Regulate the course of the hearing including granting or denying extensions of time limits.

(vii) Dispose of procedural motions and requests and issue a Decision.

(3) The ALJ may not do the following:

(i) Consider the constitutionality of any statute, provision, regulation, or executive order.

(ii) Decide issues involving the validity of a TSA regulation, order, or other requirement under the U.S. Constitution, the Administrative Procedure Act, or other law.

(e) Discovery. (1) TSA will provide the certificate holder with a written explanation of the basis for the Determination of Security Threat, and releasable materials unless already provided under § 105(c), no later than 60 days after the certificate holder requests ALJ review, or such longer period as TSA may determine for good cause.

(2) Discovery is limited to the written explanation of the basis for the Determination of Security Threat; releasable materials; the unclassified summary of the classified evidence upon which the TSA Determination  and the FAA Order were based, to the extent that the national security interests of the United States and other applicable law permit, if requested by the certificate holder; the names of witnesses the parties expect to present at trial, and to the extent the witnesses are Government witnesses, the extent that the national security interests of the United States permit release of the names of witnesses; and any unclassified evidence not provided as releasable materials that the parties plan to present at trial.

(3) TSA will not disclose in discovery classified information, as defined in E.O. 13526 section 1.4, or other information or material protected from disclosure under law, such as sensitive security information and sensitive law enforcement information.

(f) <u>Pre-hearing review and in-person hearing determination</u>. (1) Prior to the hearing, the ALJ may request the parties to submit to the ALJ, with service on the opposing party, unclassified written or documentary evidence the parties intend to submit at hearing and arguments in support of an in-person hearing. After the initial of information exchange, either party may file a motion to supplement the record with relevant evidence that was not available during the information exchange.

(2) The ALJ will review any classified information or any other information or material not warranting disclosure or protected from disclosure under law on an ex parte, in camera basis. The provision of source documents is at the discretion of the intelligence agency that originated the source documents.

(3) If the certificate holder requested an in-person hearing, the ALJ will review the information and any arguments in support of an in-person hearing and determine whether an in-person hearing is warranted.

(4) If the ALJ grants a request for an in-person hearing, the hearing will be closed to the public.

(5) Any in-person hearing will be held at TSA's Headquarters building located in Arlington, Virginia, or, on request of a party and for good cause shown, at an alternate location selected by the ALJ that provides a level of security commensurate with any classified evidence presented at the hearing.

(g) <u>Conduct of hearing</u>. The hearing is conducted as follows:

(1) Except for good cause shown by either party, the hearing will begin no later than 60 days from the date of receipt of the request for hearing.

(2) The ALJ review of the TSA Determination of Security Threat and FAA Order is de novo.

(3) Either party may file a motion to supplement the record with evidence relevant to the issues on appeal that was not available prior to the hearing.

(4) The parties may present evidence by oral testimony, documentary or demonstrative evidence, rebuttal evidence, and cross-examination, as permitted by the ALJ. Evidence that is irrelevant, immaterial, or unduly repetitious will be excluded.

(5) The ALJ will review any classified information or any other information or material not warranting disclosure or protected from disclosure under law on an ex parte, in camera basis, and will consider such information in rendering a Decision if the information appears to be

material and relevant. The provision of source documents is at the discretion of the intelligence agency that originated the source documents.

(6) The burden of proof is on TSA.

(7) The standard of proof is preponderance of the evidence on the record.

(8) The parties may submit proposed findings of fact and conclusions of law.

(9) If the certificate holder fails to appear, the ALJ may dismiss the appeal.

(10) If the ALJ grants the certificate holder's request for an in-person hearing, a verbatim transcript will be made of the hearing and will be provided upon request at the expense of the requesting party. The certificate holder cannot be present at any time classified or otherwise protected evidence is discussed, and classified or otherwise protected information will be redacted from the transcript before it is provided to the certificate holder.

(h) Decision of the ALJ. (1) The record consists of the certified transcript and all documents and materials submitted for the record and accepted by the ALJ by the conclusion of the hearing.

(2) The ALJ will issue an unclassified written Decision with no classified or otherwise protected information to the certificate holder no later than 60 days from the close of the record and serve the Decision on the parties. The ALJ may issue a Decision containing protected information to TSA, if applicable.

(3) The ALJ Decision may be appealed by either party to the TSOB in accordance with § 109.

(i) Withdrawal of Determination of Security Threat. Unless timely appealed to the TSOB pursuant to § 109, if the ALJ determines that the certificate holder does not pose and is not suspected of posing a security threat, TSA will serve a Withdrawal of the Determination of Security Threat upon the certificate holder and the FAA, and the FAA will withdraw the FAA Order.

# § 109 U.S. citizens: Review by the Transportation Security Oversight Board.

(a) Applicability. This section applies to an individual U.S. citizen FAA certificate holder, or TSA, appealing an ALJ Decision issued under § 107(h).

(b) Review by the TSOB Review Panel. (1) The certificate holder or TSA may request that the TSOB review the ALJ Decision by filing a notice of appeal no later than 60 calendar days after the issuance of the ALJ Decision, in accordance with the TSOB's.

(2) TSA will provide the TSOB with a complete record of administrative proceedings in accordance with the TSOB's rules.

(3) Unless TSA timely seeks judicial review, if the TSOB Review Panel's Action provides that the certificate holder does not pose and is not suspected of posing a security threat, TSA will serve a Withdrawal of Determination of Security Threat on the certificate holder and the FAA, and the FAA will withdraw the FAA Order.

(c) Judicial review of the Action of the TSOB Review Panel. A certificate holder substantially affected by an Action of the TSOB Review Panel, or the Administrator when the Administrator decides that the Action of the TSOB Review Panel will have a significant adverse impact on carrying out 49 U.S.C. subpart VII, part A, may seek judicial review of the FAA Order, as affected by the Action of the TSOB, as provided in 49 U.S.C. 46110 and 46111.

**CAUSE NO. 5395CR**

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | **KINNEY** COUNTY, TEXAS |
| | § | |
| **KENNYKO LEEJON AVERY** | § | **63rd** JUDICIAL DISTRICT |
| | § | |

## MOTION TO DISMISS

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES the State of Texas by and through her District Attorney, Suzanne West, asking the Court to dismiss the above styled and numbered cause for the following reason:  **Additional facts have come to light that affect Defendant's culpability.**

### PRAYER

WHEREFORE, PREMISES CONSIDERED, the State of Texas, this **2nd day of December, 2024**, prays that this cause be dismissed for the reason above stated.

_____

Suzanne West
63rd District Attorney
SB#24049680
307 E. 10th Street
Del Rio, Texas 78840

Tabytha "Tobie" Kuykendall
Assistant District Attorney
State Bar #24067714
307 E. 10th Street
Del Rio, Texas 78840

### O R D E R

The Court having reviewed the foregoing Motion is of the opinion that it should be and hereby is GRANTED and the above styled and numbered cause is **DISMISSED**.

SIGNED the 3rd day of December, **2024**.

_____
JUDGE PRESIDING

**TRN:** 9313302063          **TRS:** <#TRS#>

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

63rd District Attorney's Office on behalf of Tabytha Kuykendall
Bar No. 24067714
63rdDistrictattorneysoffice@valverdecounty.texas.gov
Envelope ID: 94828858
Filing Code Description: Motion
Filing Description: Motion to Dismiss
Status as of 12/3/2024 1:17 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| OLS TRGPD | | ols@trgpd.org | 12/2/2024 1:23:47 PM | SENT |
| OLS-63rd OLS-63rd | | ols-63rd@valverdecounty.texas.gov | 12/2/2024 1:23:47 PM | SENT |
| 63rd Kinney | | 63rdKinney@valverdecounty.texas.gov | 12/2/2024 1:23:47 PM | SENT |
| Vanessa Payne | | vanessa.payne@valverdecounty.texas.gov | 12/2/2024 1:23:47 PM | SENT |
| Ana Guia | | ana.guia@valverdecounty.texas.gov | 12/2/2024 1:23:47 PM | SENT |
| Emily Martinez | | emartinez@trgpd.org | 12/2/2024 1:23:47 PM | SENT |
| JUDY ROSENBERGER | | jrosenberger@trgpd.org | 12/2/2024 1:23:47 PM | SENT |
| Tabytha Kuykendall | | tkuykendall@districtattorney63rd.org | 12/2/2024 1:23:47 PM | SENT |
| Elvira Flores | | elvira@trgpd.org | 12/2/2024 1:23:47 PM | ERROR |



# Texas RioGrande
# Public Defender
*Redefining Justice: Where Every Story Deserves a Defender*

American Airlines
c/o Janise Robinson, Senior Crew Manager-MIA

Re: *The State of Texas v. KENNYKO LEEJON AVERY, cause no. 5395CR*

To Whom It May Concern:

I am writing on behalf of Mr. Avery, as his former attorney on cause no. 5395CR in the 63rd Judicial District of Kinney County, Texas. As an additional form of reassurance with his dismissal order, I write to inform you that all of Mr. Avery's charges relating to this cause and incident have been dismissed. From the moment that I first spoke to Mr. Avery, he wholeheartedly maintained his innocence and fought hard for his case. We worked together on his case to provide as much information and evidence as possible to the prosecution, and the prosecution in turn dismissed all charges. I do want to note the reason for the dismissal on the order: "Additional facts have come to light that affect Defendant's culpability".

It has been clear to me that Mr. Avery cares deeply about his job; every single conversation we had involved getting him back to his job and to his life. Even now, I no longer represent Mr. Avery, but he reached out to ask for assistance on this matter to help him get his job back. Throughout my time with Mr. Avery, he was always very easy to work with; he was very professional and was dedicated to the just resolution of his case.

If you have any additional questions, please feel free to reach out.

Sincerely,

/s/ Judy Rosenberger
Judy Rosenberger
State Bar No. 24082447
84 NE Interstate 410 Loop, Suite 227
San Antonio, TX 78216
jrosenberger@trgpd.org|
(940) 730-1600

**Texas RioGrande Public Defender**
Administration
84 NE Loop 410, Suite 229
San Antonio, TX 78216
info@trgpd.org

**Bee Regional Public Defender**
Bee, Live Oak & McMullen Counties
903 N Washington St.
Beeville, TX 78102
(361) 358-1925

**Coastal Plains Region**
Goliad, Lavaca & Refugio Counties
127 Courthouse Square
Goliad, TX 77963
(361) 358-1925

**Willacy County Public Defender**
219 W Hidalgo
Raymondville, TX
(956) 364-3819

**Operation Lone Star**
Maverick, Dimmit & Zavala (Felony cases)
466 Jefferson St, Suite 3
Eagle Pass, TX 78852

**Operation Lone Star**
84 NE Loop 410, Suite 227
San Antonio, TX 78216
(956) 363-2442



March 20, 2025

**By Email, U.S. Mail**
**Federal Express 7728 6375 3626**
FA Kennyko Avery #215434
21708 Ives Drive
California City, CA 93505
Email: Nykohill@gmail.com
Email: kennyko.avery@aa.com

Dear FA Avery,

As you are aware, the Company received a Notice of Removal of Crewmember from Master Crew List ("Notice") from the Transportation Security Administration ("TSA"). The Notice confirmed you were removed from the TSA maintained Master Crew List in accordance with the provisions of the Emergency Amendment 1546-12-07 series, pursuant to title 49 of the code of Federal Regulations 1546.105(d).

You are currently disqualified from having unescorted access to the secure area(s) of an airport, a requirement of the flight attendant role. You are also unable to serve as a flight crew member.

The Company provided you with a 90-day personal leave to resolve your status with the TSA. You have not been restored to the Master Crew List and remain ineligible to perform flight attendant duties or serve as a flight crew member. As a result, your employment with American Airlines is terminated, effective immediately.

All Company property must be immediately returned to my attention and may not be used for any purpose after the issuance of this letter. Please contact the Team Member Service Center at 800-447-2000 with any questions you may have regarding continuation coverage or other benefits.

Sincerely,

Janise Robinson
Sr. Crew Manager
(786) 591-2928

cc:     Base Manager/Base Ops Manager
        Manager, Labor Relations
        APFA - Personnel File

## CERTIFICATE OF SERVICE

**Kennyko Avery v. Transportation Security Administration**

**Docket No.: [To be assigned by the Court]**

**U.S. Court of Appeals for the District of Columbia Circuit**

I, Kennyko Avery, hereby certify that on this 16th day of June, 2025, I caused a true and correct copy of the Petition for Review and accompanying materials to be served via U.S. Mail, postage prepaid, to the following parties:

1. Clerk of the Court

U.S. Court of Appeals for the District of Columbia Circuit

E. Barrett Prettyman U.S. Courthouse

333 Constitution Avenue, NW

Washington, DC 20001

2. Brandon Schwartz, Esq.

Lead Counsel for TSA

Transportation Security Administration

Chief Counsel - Mail Stop 02

6595 Springfield Center Drive

Springfield, VA 20598-6002

Email: Brandon.Schwartz@tsa.dhs.gov

Email: TSAOCCSTAO@tsa.dhs.gov

I certify under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,


/s/ Kennyko Avery

Kennyko Avery

21708 Ives Drive

California City, CA 93505

Email: nykohill@gmail.com

Phone: (323) 426-1080

Date: June 16, 2025

**Brandon Schwartz**
Attorney-Advisor
Intelligence and Vetting Operatic
Transportation Security Administi
(U) Office Line: 703.414.7459
(U) Cell Phone: 202.440.0983

*[handwritten note:] Attempts of resolving with TSA and ALJ*

**Subject:** Request for Reinstatem̲e̲n̲t̲ ̲.̲.̲ ̲L̲i̲s̲t̲ and voluntary Disclosure of Incident Details

Dear Mr. Schwartz,

I hope this message finds you well. I am writing to respectfully request that the Transportation Security Administration (TSA) reconsider my removal from the Master Crew List and restore my airman certificates. I understand the gravity of the situation, and I would like to voluntarily provide additional details about the incident that led to my arrest, in the hope that it helps TSA reach a fair and expedited decision.

I kindly request that this information not be shared with my employer, American Airlines, as my reputation has already been damaged, and I fear this would further hinder my ability to rebuild my career. However, I am fully comfortable with this information being shared with any government agency or official involved in the determination process.

## Background of the Incident

I work as an international shipper for a licensed USDA pet transportation company, where I have safely transported animals across borders for years. It's common in my field to communicate with clients through platforms like WhatsApp, which is widely used for international business.

In this case, I was contacted by a new client who requested transport for three animals to San Antonio, Texas. After I provided a quote for pickup in Mexico, the client declined due to the cost and instead asked me to meet in Eagle Pass, Texas, offering to pay cash upon pickup. While this wasn't unusual for my line of work, things started feeling off when the pickup location kept changing.

When I finally arrived, I was horrified to discover that the "animals" were actually people. I was completely blindsided. My first instinct was to refuse transport, but I quickly received a threatening phone call claiming that the passengers were illegal immigrants, and that if I tried to alert law enforcement or leave, I would be arrested and sent to jail. Under extreme stress and fear, I made the wrong decision to drive, something I regret deeply.

However, I want to emphasize that:

- I never tried to flee or evade authorities.
- I pulled over immediately when law enforcement stopped me.

- I fully cooperated with law enforcement during the arrest and investigation.

The State of Texas thoroughly reviewed the evidence and ultimately dismissed my case, stating that "additional facts had come to light that affected Defendant's culpability." This shows that the legal system itself recognized that I was not acting with criminal intent.

## TSA Policy on Security Threat Determinations

According to the TSA's publicly stated policy, an individual may be deemed a security threat based on serious criminal convictions, patterns of criminal behavior, or other factors that demonstrate a risk to aviation security. However:

- I have never been convicted of any crime.
- I have no criminal history whatsoever — not even a minor traffic violation.
- The charges against me were dismissed, and I promptly provided the dismissal order to TSA.

Furthermore, 49 CFR § 1572.103 states that if an arrest does not result in a conviction, an individual can submit proof of dismissal. I complied with this requirement immediately, yet I remain off the Master Crew List months later.

## Impact on My Life & Career

This ongoing situation has caused me tremendous financial and emotional hardship:

- Four months of lost income, pushing me to the brink of financial ruin.
- Permanent risk of job loss: If not resolved by March 19, 2025, American Airlines will terminate my employment, and my union has stated they likely won't be able to get my job back.
- Severe mental strain: I've endured intense anxiety, depression, and emotional distress, feeling punished for a crime I did not commit.

I understand and respect the TSA's duty to protect national security, but I am not a threat. I made a terrible mistake under duress, but I have learned an invaluable lesson. I want nothing more than to return to my career, rebuild my life, and move forward as a law-abiding citizen.

I am fully willing to provide additional information or answer any questions to assist with TSA's determination. I respectfully ask for compassion and consideration in light of the facts and the life-altering consequences I face if this is not resolved soon.

Thank you very much for your time, understanding, and consideration.

Sincerely,
**Kennyko Leejon Avery**

**UNITED STATES OF AMERICA**
**DEPARTMENT OF HOMELAND SECURITY**
**TRANSPORTATION SECURITY ADMINISTRATION**

|  |
|---|
| In the Matter of:<br><br>**KENNYKO LEEJON AVERY,**<br><br>Respondent. |

Docket No.
**24-TSA-0293**


**HON. TIMOTHY G. STUEVE**
**Administrative Law Judge**

### ORDER MEMORIALIZING MAY 1, 2025 PRE-HEARING CONFERENCE AND NOTICE OF DISMISSAL

This matter pertains to the Transportation Security Administration's (TSA) Determination of Security Threat and the Federal Aviation Administration's (FAA) Order of Suspension, wherein FAA immediately suspended all airman certificates issued to **Kennyko Leejon Avery** (Respondent).

On May 1, 2025, I convened a telephone pre-hearing conference with the parties. Brandon Schwartz, Esq., Samantha Early, Esq. and Josh Amundson, Esq. appeared on behalf of TSA. Kennyko Leejon Avery (Respondent) appeared on his own behalf. The purpose of the conference to discuss Respondent's Declaration Regarding Contact with Current Employer dated April 29, 2025 and other housekeeping matters for the upcoming hearing.

At the outset of the conference, I addressed Respondent's request to prevent TSA from contacting his current employer. I denied Respondent's request for a protective order because Respondent's current employer could provide evidence relevant to TSA's security threat determination. I explained to Respondent that he may still make objections to testimony of his current employer at the hearing, and I will rule on those objections accordingly.

Then, I addressed TSA's request to have 2 CBP officers testify virtually. Respondent objected to virtual testimony of any kind. Given that these officers are traveling the day after their testimony, I find virtual testimony is warranted. The CBP officers may testify via Microsoft Teams. There is no prejudice to Respondent as he can still adequately conduct cross examination.

After the conclusion of the prehearing conference on May 1, 2025, Respondent filed a Notice to Withdrawal his request for ALJ review. On May 5, 2025, the Coast Guard filed a response with no objection to the Notice to Withdrawal.

WHEREFORE,

## **ORDER**

**IT IS HEREBY ORDERED** the hearing scheduled to commence May 20, 2025 is **CANCELLED**.

**IT IS HEREBY FURTHER ORDERED** Respondent's request for ALJ review is **DISMISSED** with prejudice.

**SO ORDERED**.

Done and dated May 6, 2025 at
Alameda, California

**Honorable Timothy G. Stueve**
**Administrative Law Judge**
**U.S. Coast Guard**

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing document upon the following parties (or designated representatives) in this proceeding at the address indicated below:

Hearing Docket Clerk
United States Coast Guard
ALJ Docketing Center
40 South Gay Street, Room 412
Baltimore, MD 21202-4022
Email: aljdocketcenter@uscg.mil
Phone: (410) 962-5100
Fax: (410) 962-1742
*Sent electronically to email on file*

Brandon Schwartz, Esq.
Joshua Amundson, Esq.
Nataliya Dominguez, Esq.
Judith A. Gomez, Esq.
Samantha Early, Esq.
Department of Homeland Security
Transportation Security Administration
*Sent electronically to emails on file*

Kennyko Leejon Avery
*Sent electronically to email on file*

Done and dated May 6, 2025 at
Alameda, California

*Beth Kim*

_____
Beth Kim
Paralegal Specialist to the
Administrative Law Judge
U.S. Coast Guard

Subject: Formal Submission – Motion to Dismiss and to Exclude Improper Evidence and Witnesses | Case No. 24-TSA-0293

Dear Judge Stueve and Mr. Schwartz,

Pursuant to 49 C.F.R. § 1503.657(d)-(h), I am formally submitting this Motion to Dismiss the TSA's Determination of Security Threat against me, Kennyko Leejon Avery, and to Exclude Improperly Introduced Evidence and Witnesses.

While I understand the Court's caution in ruling before a hearing, the ALJ is fully authorized to dismiss a matter without a full hearing if the record warrants it. TSA has failed to meet its procedural obligations, violated its own discovery rules, and presented no valid or independent basis to uphold its Determination of Security Threat. A hearing would only unnecessarily prolong harm and waste federal resources.

1. Procedural Violations

TSA failed to provide releasable materials within the 60-day requirement set forth in 49 C.F.R. § 1503.655(c). I requested these materials on November 26, 2024, but did not receive them until February 14, 2025—beyond the Court-ordered deadline. The Court granted leeway for this delay due to TSA's claimed "technical issues," but when viewed in the context of multiple missed deadlines and ongoing harm, this cumulative pattern undermines the fairness of the proceedings.

TSA also submitted Exhibits 4, 6, 7, and 8 well after discovery closed. These exhibits were not included in the original set of releasable materials. Additionally, several documents were so heavily redacted that they are not reasonably reviewable, effectively denying me due process.

2. Failure to Issue a Final Determination

As required under 49 C.F.R. § 1503.655(e)-(f), TSA was to issue a final determination confirming or withdrawing its Determination of Security Threat within 90 days of releasing releasable materials. As of today, no such determination has been issued. I contacted TSA and received no response.

3. Lack of Credible or Independent Evidence

The only substantive basis for TSA's action was an arrest on June 27, 2023—a case that was formally dismissed by both the Kinney County District Attorney and the Department of Justice. I have no prior criminal record and no subsequent legal infractions. Since returning to work in February 2024, I flew for 10 months without issue. TSA has not produced independent evidence justifying my continued classification as a security threat.

TSA's reliance on three CBP secondary screening reports paints an incomplete picture. I have undergone secondary screening more than three times since June 2023 and have flown

internationally over 50 times. The most important CBP entry—on August 20, 2024, when I was formally indicted—has been omitted from TSA's disclosures. This encounter involved an invasive search and likely violation of my rights. I filed three FOIA requests to obtain that record and received nothing. If TSA intends to use secondary screenings to form its case, all such entries must be included for context.

4. Motions to Exclude Evidence and Witnesses

I formally move to:

- Exclude Exhibits 4, 6, 7, and 8 as untimely and not disclosed in the original releasable materials.

- Exclude all documents that are excessively redacted.

- Exclude any CBP reports not disclosed through proper TSA channels or FOIA.

- Require that all CBP secondary screening reports since June 2023 be included—or none at all.

I also move to:

- Bar any witness affiliated with Platinum Pets, which has no relevance to TSA's determination and has already caused me personal embarrassment.

- Bar any witness not listed as numbers 8 or 9 in TSA's Proposed Witness and Exhibit List. TSA has left the door open to last-minute witnesses, which would be unfair and prejudicial.

- Bar any video exhibits, as none were disclosed in the original releasable materials and are too redacted for meaningful review.

5. Improper Witnesses and Irrelevant Testimony

TSA has listed my former employer and the prosecutor who dismissed the case as potential witnesses. This is highly inappropriate. The core issue before this Court is whether TSA has met its burden of proving that I pose a security threat under 49 U.S.C. § 46111—not the facts behind a criminal case that has already been dismissed.

This tactic risks turning an administrative review into a reputational retrial. It also flirts dangerously with the constitutional principle of double jeopardy—punishing me a second time for an incident that state and federal prosecutors chose not to pursue. This is a misuse of administrative procedure and a threat to due process.

## 6. Harm and Impact

I was removed from the Master Crew List on November 25, 2024. I was terminated from American Airlines on March 20, 2025. I have lost my job, my healthcare, my 401(k), and my professional reputation. I am unemployed and trying to restore my career. I contacted TSA seeking resolution, but I have been ignored. I urge the Court to consider the ongoing harm of delay and inaction.

## Conclusion

I respectfully request that:

- The ALJ exercise authority under 49 C.F.R. § 1503.657(d)-(h) to dismiss this matter immediately.

- The ALJ exclude all improperly introduced exhibits, redacted documents, and unauthorized witness testimony.

- The ALJ disallow the introduction of any evidence that was not previously disclosed under the TSA's own interim redress procedures.

TSA's determination is procedurally defective, unsupported by valid evidence, and deeply harmful. I respectfully request a ruling on this motion.

Sincerely,

Kennyko Leejon Avery

21708 Ives Drive

California City, CA 93505

nykohill@gmail.com

(323) 426-1080

## Certificate of Service

I hereby certify that on this 21st day of April 2025, a true and correct copy of the foregoing Motion to Dismiss and to Exclude Improper Evidence and Witnesses was sent via email to each of the following:

Administrative Law Judge

Hon. Timothy G. Stueve

chang.zhou@uscg.mil

Beth.H.Kim@uscg.mil

ALJ Docketing Center

aljdocketcenter@uscg.mil

TSA Lead Counsel

Brandon.Schwartz@tsa.dhs.gov

TSAOCCSTAO@tsa.dhs.gov

TSA Counsel

Judith.Gomez@tsa.dhs.gov

Samantha.Early@tsa.dhs.gov

Respondent

Kennyko Leejon Avery

nykohill@gmail.com



*Evidence of Animal transport*



UNITED ARAB EMIRATES
MINISTRY OF CLIMATE CHANGE
& ENVIRONMENT

الإمارات العربية المتحدة
وزارة التغيـــر المنـــاخـــي
والبيئـــة

## IMPORT PERMIT LIVE ANIMAL —PET ANIMAL/ اذن استيراد ارسالية بيطرية

| (1) بيانات المستورد/Importer details | | |
|---|---|---|
| الهاتف/Phone | العنوان/Address | اسم المستورد/Importer details |
| 0507982228 | دبي ، Dubai | Amazon Pet |

| (2) بيانات الإرسالية/Shipment Data | | |
|---|---|---|
| وسيلة الشحن/Shipping Method | بلد المصدر/Country of Dispatch | ميناء الدخول/Port of Entry |
| جوا - By Air | الولايات المتحدة الأمريكية USA | دبي – مطار دبي – Dubai Airport |
| رقم اذن الاستيراد/Permit No | رقم الايصال المالي . F. receipt No. | الصنف/Class |
| AL/A/20/07/2024 | 3325608571277 04772 | LIVE PET ANIMAL - Dog |

| (3) تفاصيل الإرسالية/Shipment Details | | | | | |
|---|---|---|---|---|---|
| رقم الشريحة Micro Chip no | العدد/الكمية No./Quantity | بلد المنشأ/Country of Origin | الاسم العلمي/Scientific Name | النوع/Type | ٣ |
| 985112012343345 | 1 | United of State | Cane – Corso | Dog | 1 |

| (4) الصلاحية/Validity | |
|---|---|
| صالح حتى/Valid till | التاريخ/Date |
| 20/08/2024 | 20/07/2024 |

**In regards to your request. Kindly provide the following: -**

1- Providing a certified document from a training center stating that the dog has been trained for one of the aforementioned purposes.
2- Providing a medical report on the owner's health status that supports the purpose of using the dog.
3- A pledge by the dog owner not to transfer his ownership to others, to abandon it or to breed it, and to abide by the requirements stipulated in the relevant legislation. (Attached).

DOCTOR ATTEST , DUBAI REGION





## Model veterinary certificate for the importation of dogs, cats and ferrets from non-EU countries

GBHC157X v3.2 October 2022

**Part I: Details of dispatched consignment**

| | | |
|---|---|---|
| **I.1 Consignor**<br>Name: Kennyko Avery<br>21705 Ives Dr<br>Address: California City Ca 93505<br>323-428-1080<br>Tel: | **I.2 Certificate reference no.**<br>3062932836<br><br>**I.2.a Not in use** | **I.3 Central competent authority**<br>USDA, APHIS, Veterinary Services<br><br>**I.4 Local competent authority**<br>VS CA |
| **I.5 Consignee**<br>Name: Ross Cole<br>10 Radnor Rd<br>Address: Salisbury Wiltshire UK SP1 3PL<br>323-428-1080<br>Tel: | **I.6 Not in use** | |

| **I.7 Country of origin** | **ISO code** | **I.8 Not in use** | **I.9 Country of destination** | **ISO code** | **I.10 Region of destination** | **Code** |
|---|---|---|---|---|---|---|
| United States | US | | United Kingdom | GB | | |

| | |
|---|---|
| **I.11 Place of origin**<br>Name: Kennyko Avery<br>21705 Ives Dr<br>Approval number: California City CA<br>Address: 93505<br><br>Name:<br>Approval number:<br>Address:<br><br>Name:<br>Approval number:<br>Address: | **I.12 Place of destination**<br>Name:<br>Approval number:<br>Address: |
| **I.13 Place of loading**<br>LAX USA | **I.14 Date of departure**<br>15/08/2023 |
| **I.15 Means of transport**<br>☑ Aeroplane<br>☐ Ship<br>☐ Railway wagon<br>☐ Road vehicle<br>☐ Other<br>Identification: British Airways 280/15 AUG<br>125-5611-3201<br>Documentation references: | **I.16 Entry BCP**<br>Heathrow<br><br>**I.17 Transporter**<br>Name: Ross Cole<br>Approval number:<br>Address: 10 Radnor Rd Salisbury Wiltshire UK |

# Live Animals – Standard Booking Request Form

**All fields are mandatory. If left blank, this may delay your booking.**
We will do our best to accommodate your booking request. However, all bookings are subject to space availability and an "OK to Forward".
**Return this completed booking form via email to petdesk@iagcargo.com**

| Booking Information | | | | | | | |
|---|---|---|---|---|---|---|---|
| MAWB prefix/number – leave blank if you do not have this<br><br>Account number if applicable (pet shippers only) | | | 125-5611-3201 | | | | |
| Shipment origin/destination | | | LAX-LHR | | | | |
| Preferred flight number(s) | | | BA 280 | | | | |
| Preferred flight date(s) | | | 15th August 2023 | | | | |
| No. of containers | No. of animals in container | Type of animal(s) *(If dog, add breed)* | Total weight (kg) | Dims of container | | | **INCHES ONLY** |
| | | | | L | W | H | |
| 1 | 1 | DOG - CANE CORSO | 20K | 36 | 25 | 27 | 66K |
| | | | | | | | |
| | | | | | | | |

| Consignee Details | | |
|---|---|---|
| Consignee name | | ROSS COLE |
| Address | | 10 Radnor Road Salisbury Wiltshire UK Sp1 3pl |
| Contact telephone number | | +44 7733 991773 |
| Emergency telephone number | | +13234261080 |
| Consignee email address | | nykohill@gmail.com |

| Shipper Details | | |
|---|---|---|
| Shipper's name | | Kennyko Avery |
| Shipper's address | | 21708 Ives drive California City CA |
| Contact name | | Kennyko Avery |
| Contact telephone number **including** out of hours | | +13234261080 |
| Contact email address | | nykohill@gmail.com |

| Further Details | | |
|---|---|---|
| If puppy/kitten, please confirm age | | 16 weeks |
| Scientific name (birds/reptiles) | | |
| If customer travelling on the same flight – provide name and PNR reference – please indicate N/A if not travelling | | N/A |
| Freight Charge / rate per kg (Internal use only) | | 16.15 x 66 = $1,065.90 |
| Chargeable Weight (Internal) | | 66K |
| Additional Information/fees | | LHR Arrival Fee: $355<br><br>AWB Fee (if applicable): $25<br><br>ICS & EU Fee: $12<br><br>Total Estimated Cost: $1,457.90 |



**BVA**
British Veterinary Association

## Export Certificate fitness to travel for dogs, cats and small mammals

1) Export declaration by owner/agent

I ...PATRIK ZALEWSKA......... of 19 RECTORY ROAD, FARNBOROUGH GU147BU, U.K

declare that the animal described below is to be exported to

......U.S.A.................................. (country)

on ......26.09.2021................. (date)

The proposed mode of transport is by *air/road/railsea. The animal *will/will not be accompanied.

Estimated duration of the journey .....15 HRS............ (hours)

Full name and address of consignee: .....KENNYKO AVERY...............

2700 A LAS VEGAS BLVD, LAS VEGAS, NEVADA 89109................

> **Temperature acclimatisation ranges vary between airlines**
>
> **The owner/agent is therefore advised to check with the carrier before travel**

### Description

Breed ...FRENCH BULLDOG.... Name ...MINDY..........

Sex ...FEMALE............... Age (approx) ...13 MONTHS...... Colour ...BLUE TAN...........

Distinctive markings (inc tattoo, microchip, etc) ...MICROCHIP: 933 082 603 101 758.........

Signed by *owner/agent .P. Zalewski.............

(*delete as appropriate)

A strong voice for vets

   


## Rental Agreement



VIEW RENTAL RECORD

|||||||||| BARCODE ||||||||||

| | Rental Record# | | 157860791 |
|---|---|---|---|

**KENNYKO AVERY**
President's Circle

| | Vehicle: | 2022 | CHARGER |
|---|---|---|---|
| | License: | CA | 8ZTR845 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Rental Rate* | | 1 @ $ | 35.00 | per day T $ | 35.00 |
| | | @ $ | 35.00 | ex day T $ | |
| *Includes Unlimited Miles | | | | | |

**Additional Products**

| | | | | | |
|---|---|---|---|---|---|
| Frequent Flyer Surcharge | | | | T $ | .00 |
| Fuel & Service | $ .602/MI | $11.44/GAL | 18.5/TK CAP | T $ | **** |

**Service Charges/Taxes**

| | | | | | |
|---|---|---|---|---|---|
| CONCESSION FEE RECOVERY | | | 11.11% | T $ | 4.14 |
| CA TOURISM ASSESSMENT | | | 3.50% | $ | 1.23 |
| CUSTOMER FACILITY CHARGE | | | | | 9.00 |
| Vehicle License Fee | Accepted | @ $ | 2.24 | per day T $ | 2.24 |
| Tax 1 | 9.500% | On Taxable Ttl $ | 41.38 | $ | 3.93 |
| Tax 2 | 4.500% | | On California Refueling | $ | **** |

**ADJUSTMENTS**

| **TOTAL ESTIMATED CHARGE** | | | $ | 55.54 |
|---|---|---|---|---|

| | | |
|---|---|---|
| Credit Card Authorization Amount $ | | 256.00 |
| Rented by The Hertz Corporation | | |
| Vehicle: 01195/8461733 | | LocNum: CALAX15/0110115 |
| Miles Out: 16099 | Plan: CRL | Class: D |
| Rental Location: | | LOS ANGELES AIRPORT |
| Rental Time: | | 03/05/23 at 4:43PM |
| Return Location: | | LOS ANGELES AIRPORT |
| Return Time: | | 03/06/23 at 5:00PM |

We hope you enjoy your trip. Need assistance during your rental?
Email our team manager: LAXcustomerservice@hertz.com

Rental Extensions/Changes 1-800-654-4174
Emergency Road Service 1-800-654-5060
For Explanation of Charges: WWW.HERTZ.COM/CHARGEEXPLAINED

This estimate assumes you will rent and return at the locations and times indicated, and that you will
not exceed any mileage limitations. Rental Rate subject to increase if You return Car more than 24
hours before or 24 hours after scheduled Return Time. Late returns may be subject to extra hour and/or
extra day charges.
Charges indicated as **** will be calculated at return.
Taxable charges are preceded by a "T".

VIEW RENTAL JACKET



## Rental Agreement



**Rental Record#** 159887523

**KENNYKO AVERY**
President's Circle
Lot: PC                 Space: 212

Vehicle: 2023  **MODEL 3**
License: **NV**  **417W00**

| Rental Rate* | | 1 @ $ | 35.00 per day T $ | 35.00 |

*Includes Unlimited Miles

**Additional Products**
Loss Dmg Wvr                 Included
Frequent Flyer Surcharge     ZE    1
Fuel Responsibility
You agree to replace fuel used or pay a refuelling charge of
    $7.44    per gallon OR    $.054    per mile driven.

|  | | | T $ | .00 |
| Starting Level (FULL  8 | | | | /8) |

**Service Charges/Taxes**
| CONCESSION FEE RECOVERY | 10.00% | T $ | 3.72 |
| CUSTOMER FAC | | | 5.50 |
| VEHICLE LICENSE COST RECOVERY | | $ | 2.16 |
| Tax          20.375% | On Est. Taxable Ttl $ 38.72 | $ | 7.89 |

**ADJUSTMENTS**

| **TOTAL ESTIMATED CHARGE** | | $ | **54.27** |

Credit Card Authorization Amount $                                 254.00
**Rented by The Hertz Corporation**
Vehicle: 01197/1317767                          LocNum: NVLAS11/0117011
Miles Out: 99              Plan: 3161A                        Class:  D
Rental Location:                                HARRY REID INTL AP
Rental Time:                                    03/09/23 at 1:32PM
Return Location:                                HARRY REID INTL AP
Return Time:                                    03/10/23 at 1:30PM

Rental Extensions/Changes 1-800-654-4174
Emergency Road Service 1-800-654-5060
For Explanation of Charges: WWW.HERTZ.COM/CHARGEEXPLAINED

This estimate assumes you will rent and return at the locations and times indicated, and that you will
not exceed any mileage limitations. Rental Rate subject to increase if You return Car more than 24
hours before or 24 hours after scheduled Return Time. Late returns may be subject to extra hour and/or
extra day charges.
Charges indicated as **** will be calculated at return.
Taxable charges are preceded by a "T".

## Rental Agreement

VIEW RENTAL RECORD



| Rental Record# | | | | | 162778092 |
|---|---|---|---|---|---|

**KENNYKO AVERY**
President's Circle

| | | | Vehicle: | **2020** | **FORTE** |
|---|---|---|---|---|---|
| | | | License: | **CA** | **9EDP288** |

| Rental Rate* | | | 1 @ $ | 38.00 | per day T $ | **38.00** |
|---|---|---|---|---|---|---|
| | | | @ $ | 35.00 | ex day T $ | |

*Includes Unlimited Miles

**Additional Products**

| Frequent Flyer Surcharge | ZE 1 | | | T $ | .00 |
|---|---|---|---|---|---|
| **Fuel & Service** | $ .369/MI | $11.44/GAL | **14.0/TK CAP** | T $ | **** |

**Service Charges/Taxes**

| CONCESSION FEE RECOVERY | | | 11.11 % | T $ | **4.42** |
|---|---|---|---|---|---|
| CA TOURISM ASSESSMENT | | | 3.50 % | $ | **1.33** |
| CUSTOMER FAC | | | | | **9.00** |
| Vehicle License Fee | Accepted | @ $ | 1.80 | per day T $ | **1.80** |
| Tax 1 | 9.500% | On Taxable Ttl $ | 44.22 | $ | **4.20** |
| Tax 2 | 4.500% | | On California Refueling | $ | **** |

**ADJUSTMENTS**

| **TOTAL ESTIMATED CHARGE** | | $ | **58.75** |
|---|---|---|---|

| Credit Card Authorization Amount $ | | 259.00 |
|---|---|---|

**Rented by The Hertz Corporation**

| Vehicle: 01198/5322029 | | LocNum: CALAX15/0110115 |
|---|---|---|
| Miles Out: 34869 | Plan: CRL | Class: D |
| Rental Location: | | LOS ANGELES AIRPORT |
| Rental Time: | | 03/15/23 at 1:03AM |
| Return Location: | | LOS ANGELES AIRPORT |
| Return Time: | | 03/15/23 at 11:30PM |

We hope you enjoy your trip. **Need assistance during your rental?**
**Email our team manager:** LAXcustomerservice@hertz.com

**Rental Extensions/Changes** 1-800-654-4174
**Emergency Road Service** 1-800-654-5060
**For Explanation of Charges:** WWW.HERTZ.COM/CHARGEEXPLAINED

This estimate assumes you will rent and return at the locations and times indicated, and that you will not exceed any mileage limitations. Rental Rate subject to increase if You return Car more than 24 hours before or 24 hours after scheduled Return Time. Late returns may be subject to extra hour and/or extra day charges.
Charges indicated as **** will be calculated at return.
Taxable charges are preceded by a "T".

···

← Reply          → Forward

   


## Rental Agreement



VIEW RENTAL RECORD

|||||||||||||||||||||||||||||||

**Rental Record#** 165910242

**KENNYKO AVERY**
President's Circle

| | | |
|---|---|---|
| Vehicle: | 2019 | GLC300 |
| License: | FL | AF77HP |

**Rental Rate*** 1 @ $ 34.00 per day T $ 34.00

*Includes Unlimited Miles

**Additional Products**

| | | | | |
|---|---|---|---|---|
| Loss Dmg Wvr | Included | | | |
| Frequent Flyer Surcharge | ZE 1 | | T $ | .00 |
| Fuel Responsibility | | Starting Level (FULL 8 | | /8) |

You agree to replace fuel used or pay a refuelling charge of
$7.44 per gallon OR $.338 per mile driven.

**Service Charges/Taxes**

| | | | |
|---|---|---|---|
| CONCESSION FEE RECOVERY | 10.00 % | T $ | 3.62 |
| CUSTOMER FACILITY CHARGE | | | 5.50 |
| VEHICLE LICENSE COST RECOVERY | | $ | 2.16 |
| Tax 20.375% | On Est. Taxable Ttl $ | 37.62 $ | 7.67 |

**ADJUSTMENTS**

**TOTAL ESTIMATED CHARGE** $ 52.95

Credit Card Authorization Amount $ 253.00
**Rented by The Hertz Corporation**

| | | |
|---|---|---|
| Vehicle: 01197/1237684 | | LocNum: NVLAS11/0117011 |
| Miles Out: 9759 | Plan: 3161A | Class: C |
| Rental Location: | | HARRY REID INTL AP |
| Rental Time: | | 03/20/23 at 10:50PM |
| Return Location: | | HARRY REID INTL AP |
| Return Time: | | 03/21/23 at 11:00PM |

**Rental** Extensions/Changes 1-800-654-4174
**Emergency Road Service** 1-800-654-5060
**For Explanation of Charges:** WWW.HERTZ.COM/CHARGEEXPLAINED

This estimate assumes you will rent and return at the locations and times indicated, and that you will
not exceed any mileage limitations. Rental Rate subject to increase if You return Car more than 24
hours before or 24 hours after scheduled Return Time. Late returns may be subject to extra hour and/or
extra day charges.
Charges indicated as **** will be calculated at return.
Taxable charges are preceded by a "T".

VIEW RENTAL JACKET

# Rental Agreement

VIEW RENTAL RECORD



| | | | |
|---|---|---|---|
| Rental Record# | | | 166856830 |

**KENNYKO AVERY**
President's Circle

| | | | |
|---|---|---|---|
| Vehicle: | 2022 | **MUST CV** | |
| License: | **CA** | **8ZKJ776** | |

---

| Rental Rate* | | 1 | @ $ | 37.00 | per day T $ | **37.00** |
|---|---|---|---|---|---|---|

*Includes Unlimited Miles

**Additional Products**
Loss Dmg Wvr — Included
Frequent Flyer Surcharge — ZE — 1 — T $ — .00
Fuel Responsibility — Starting Level (FULL 8 /8)
You agree to replace fuel used or pay a refuelling charge of
$7.44 per gallon OR $.372 per mile driven.

**Service Charges/Taxes**

| | | | |
|---|---|---|---|
| CONCESSION FEE RECOVERY | 10.00% | T $ | 3.92 |
| CUSTOMER FACILITY CHARGE | | | 5.50 |
| VEHICLE LICENSE COST RECOVERY | | $ | 2.16 |
| Tax 20.375% | On Est. Taxable Ttl $ | 40.92 $ | 8.34 |

**ADJUSTMENTS**

| | | |
|---|---|---|
| TOTAL ESTIMATED CHARGE | $ | **56.92** |

---

Credit Card Authorization Amount $ — 257.00
**Rented by The Hertz Corporation**
Vehicle: 01298/4127411 — LocNum: NVLAS11/0117011
Miles Out: 33875 — Plan: 3161A — Class: C
Rental Location: — HARRY REID INTL AP
Rental Time: — 03/22/23 at 4:56PM
Return Location: — HARRY REID INTL AP
Return Time: — 03/23/23 at 3:30PM

Rental Extensions/Changes 1-800-654-4174
Emergency Road Service 1-800-654-5060
For Explanation of Charges: WWW.HERTZ.COM/CHARGEEXPLAINED

This estimate assumes you will rent and return at the locations and times indicated, and that you will not exceed any mileage limitations. Rental Rate subject to increase if You return Car more than 24 hours before or 24 hours after scheduled Return Time. Late returns may be subject to extra hour and/or extra day charges.
Charges indicated as **** will be calculated at return.
Taxable charges are preceded by a "T".

VIEW RENTAL JACKET



**Buying a Car Made Better**




## Rental Agreement

VIEW RENTAL RECORD



|  | Rental Record# | 170732170 |
|---|---|---|

**KENNYKO AVERY**
President's Circle

|  | Vehicle: | 2022 | **MAXIMA** |
|---|---|---|---|
|  | License: | AZ | **CWN5869** |

| Rental Rate* | | 2 @ $ | 35.00 | per day T $ | 70.00 |
|---|---|---|---|---|---|

*Includes Unlimited Miles

| Promotional Coupon | 205272 1 | | T $ - | 70.00 |
|---|---|---|---|---|

**Additional Products**

| Loss Dmg Wvr | Included | | | |
|---|---|---|---|---|
| Frequent Flyer Surcharge | ZE    1 | | T $ | .00 |

**Fuel Responsibility**                     Starting Level (FULL 8    /8)
You agree to replace fuel used or pay a refueling charge of
   $7.44    per gallon OR    $.354   per mile driven.

**Service Charges/Taxes**

| CONCESSION FEE RECOVERY | 10.00 % | T $ | .43 |
|---|---|---|---|
| CUSTOMER FACILITY CHARGE | | | 11.00 |
| VEHICLE LICENSE COST RECOVERY | | $ | 4.32 |
| Tax          20.375% | On Est. Taxable Ttl $ | .43     $ | .09 |

**ADJUSTMENTS**

| **TOTAL ESTIMATED CHARGE** | $ | 15.84 |
|---|---|---|

| Credit Card Authorization Amount $ | | 216.00 |
|---|---|---|

**Rented by The Hertz Corporation**

| Vehicle: 02194/2204196 | | LocNum: NVLAS11/0117011 |
|---|---|---|
| Miles Out: 23299 | Plan: 3161A | Class: D |
| Rental Location: | | HARRY REID INTL AP |
| Rental Time: | | 03/29/23 at 8:03PM |
| Return Location: | | HARRY REID INTL AP |
| Return Time: | | 03/31/23 at 8:00PM |

Rental Extensions/Changes 1-800-654-4174
Emergency Road Service 1-800-654-5060
For Explanation of Charges: WWW.HERTZ.COM/CHARGEEXPLAINED

This estimate assumes you will rent and return at the locations and times indicated, and that you will
not exceed any mileage limitations. Rental Rate subject to increase if You return Car more than 24
hours before or 24 hours after scheduled Return Time. Late returns may be subject to extra hour and/or
extra day charges.
Charges indicated as **** will be calculated at return.
Taxable charges are preceded by a "T".

VIEW RENTAL JACKET

**Hertz** CAR SALES

## Buying a Car Made Better

👍

**Platinum Pet's Transport (owner)**
7 months ago

It's always our pleasure 🐾 and thank you for trusting us.

**Jon Hart**
5 reviews

★★★★★  3 months ago

Nyko is truly the best. There is one better to take care of your dog on a long and difficult and difficult international trip. He always communicates, sends pics and videos of the journey, and knows how to take care of your pup. With all his experience he can do it better than you could yourself.

👍

**Jeff Green**
7 reviews

★★★★★  4 months ago

Our puppy arrived safe and sound, everything went very smoothly. Special thanks to Lucy for the attention and care throughout the flight. Lynn kept the schedule together, thank you!!!!

👍

**Crystal Nichols**
Local Guide · 27 reviews



👍

**Platinum Pet's Transport (owner)**
a year ago

Thank you Shannon for the kind words! We truly appreciate you and your new fur baby is adorable 🥰

 **Lovemyfrenchie**
4 reviews · 1 photo
⋮

★★★★★ 8 months ago

Thank you for delivering two weeks in a roll 2 of my pets and for taking care of them the whole way and keeping me updated the whole time. Thank you to our flight nanny guys Nyko and Christopher !

👍

**R** **Roosevelt Hadley**
4 reviews
⋮

★★★★★ 9 months ago

Lynn did a great job picking up and delivering my puppies. I will definitely be calling her again if I need puppies delivered.

👍

**Kf** Kf



Local Guide · 46 reviews · 2 photos

★★★★★ 2 years ago

Great job bringing our pup and shipping one out for us as well. Communication was excellent from start to finish! Would definitely use you'll again. Thanks

👍

**Franco Santinato**
25 reviews · 1 photo

★★★★★ a year ago

Amazing service. My pet nanny was Nyko, he solved every problem along the way and gave a peaceful environment for my dog.

👍

**Eddie Castaneda**
2 reviews

★★★★★ 2 years ago

Definitely a top notch experience getting our pup from California to Tennessee Jae kept us updated made it a great experience looking forward to working with you guys again

👍

**RODNEY FABIAN**
2 reviews

★★★★★ 5 months ago

This was a great experience and Aaron was awesome



UNITED STATES DEPARTMENT OF AGRICULTURE
ANIMAL AND PLANT HEALTH INSPECTION SERVICE

# UNITED STATES INTERSTATE AND INTERNATIONAL CERTIFICATE OF HEALTH EXAMINATION FOR SMALL ANIMALS

OMB APPROVED
0579-0036
0579-0332

**WARNING:** Anyone who makes a false, fictitious, or fraudulent statement on this document, or uses such document knowing it to be false, fictitious, or fraudulent may be subject to a fine of not more than $10,000 or imprisonment of not more than 5 years or both (18 U.S.C. 1001).

**1. TYPE OF ANIMAL SHIPPED (select only one)**
[X] Dog  [ ] Cat  [ ] Other
[ ] Nonhuman Primate  [ ] Ferret  [ ] Rodent

**2. CERTIFICATE NUMBER - OFFICIAL USE ONLY**

**3. TOTAL NUMBER OF ANIMALS**

**4. PAGE**
ONE

**5. NAME, ADDRESS, AND TELEPHONE NUMBER OF OWNER (CONSIGNOR)**
Avery Kennyko
939 East Flamingo Rd.
Apt 11 Las Vegas, NV.
323-426-1080

**6. NAME, ADDRESS, AND TELEPHONE NUMBER OF RECIPIENT AT DESTINATION (CONSIGNEE)**
Avery Kennyko
Longford, Hounslow
TW6 1AH, United Kingdom
Hilton Gardens Inn
333-426-1080

USDA License/or Registration Number (if applicable)

## 7. ANIMAL IDENTIFICATION

| NAME, AND/OR TATTOO NUMBER OR OTHER IDENTIFICATION | BREED – COMMON OR SCIENTIFIC NAME | AGE | SEX | COLOR OR DISTINCTIVE MARKS OR MICROCHIP |
|---|---|---|---|---|
| 1 Halo (985 141 002 911 749) | French Bulldog | 1 year | Fe | Cream |
| 2) | | | | |

## 8. PERTINENT VACCINATION, TREATMENT, AND TESTING HISTORY

| RABIES VACCINATION [X] 1 YEAR [ ] 2 YEARS [ ] 3 YEARS | | OTHER VACCINATIONS, TREATMENT, AND/OR TESTS AND RESULTS | |
|---|---|---|---|
| Vaccination Date | Product | Date | Product Type and/or Results |
| 06/26/2020 | Merial Imrab 16463 3TF | 06/27/2020 | Drontal Plus Bayer |
| | | | |
| | | | |
| | | | |

**REMARKS OR ADDITIONAL CERTIFICATION STATEMENTS (WHEN REQUIRED)**

**VETERINARY CERTIFICATION:** I certify that the animals described in box 7 have been examined by me this date, that the information provided in box 8 is true and accurate to the best of my knowledge, and that the following findings have been made ("X" applicable statements).

[X] I have verified the presence of the microchip, if a microchip is listed in box 7.

[X] I certify that the animal(s) described above and on continuation sheet(s), if applicable, have been inspected by me on this date and appear to be free or any infectious or contagious diseases and to the best of my knowledge, exposure thereto, which would endanger the animal or other animals or would endanger public health.

[X] To my knowledge, the animal(s) described above and on continuation sheet(s) if applicable, originated from an area not quarantined for rabies and has/have not been exposed to rabies.

**ENDORSEMENT FOR INTERNATIONAL EXPORT (IF NEEDED)**
PRINTED NAME OF USDA VETERINARIAN

**NAME, ADDRESS, AND TELEPHONE NUMBER OF ISSUING VETERINARIAN**
Werner Center Pet Clinic
Debra Jackson, DVM
20930 Victory Blvd.
Woodland Hills, CA 91326
(818) 710-8528

Werner Center Pet Cilnic
20930 Victory Blvd.
Woodland Hills, CA 91367
818-710-8528

**LICENSE NUMBER AND STATE**
15434 CA

Accredited [X] Yes [ ] No
If yes, please complete below
**NATIONAL ACCREDITATION NUMBER**
143390

NOTE: International shipments may require certification by an accredited veterinarian.

**SIGNATURE OF ISSUING VETERINARIAN**
Debra Jackson

DATE
09/04/2020

**SIGNATURE OF USDA VETERINARIAN**

**Apply USDA Seal or Stamp here**

DATE

APHIS Form 7001
(NOV 2010)

This certificate is valid for 30 days after issuance

TRY: United States Non-commercial movement into a Member State from a territory or third country of dogs, cats or ferrets in accordance with Article 5(1) and (2) of Regulation (EU) No 576/2013

| II. | Health information | II.a. | Certificate reference No 2061B07270 | II.b. |
|---|---|---|---|---|

- does not have to be renewed on an animal, which following that test with satisfactory results, has been revaccinated against rabies within the period of validity of a previous vaccination.

(8) A certified copy of the official report from the approved laboratory on the results of the rabies antibody test referred to in point II.3.1 shall be attached to the certificate.

By certifying this result, the official veterinarian confirms that he has verified, to the best of his ability and where necessary who contacts with the laboratory indicated in the report, the authenticity of the laboratory report on the results of the antibody titration test referred to in point II.3.1.

(10) In conjunction with footnote (6), the marking of the animals concerned by the implantation of a transponder or by a clearly readable tattoo applied before 3 July 2011 must be verified before any entry is made in this certificate and must always precede any vaccination, or where applicable, testing carried out on those animals.

(11) The treatment against *Echinococcus multilocularis* referred to in point II.4 must:
- be administered by a veterinarian within a period of not more than 120 hours and not less than 24 hours before the time of the scheduled entry of the dogs into one of the Member States or parts thereof listed in Annex to Implementing Regulation (EU) 2018/878;
- consist of an approved medicinal product which contains the appropriate dose of praziquantel or pharmacologically active substances, which alone or in combination, have been proven to reduce the burden of mature and immature intestinal forms of *Echinococcus multilocularis* in the host species concerned.

(12) The table referred to in point II.4 must be used to document the details of a further treatment if administered after the date the certificate was signed and prior to the scheduled entry into one of the Member States or parts thereof listed in Annex to Implementing Regulation (EU) 2018/878.

(13) The table referred to in point II.4 must be used to document the details of treatments if administered after the date the certificate was signed for the purpose of further movement into other Member States described in point (b) of the Notes and in conjunction with footnote (11).

Official veterinarian or authorised veterinarian

Name (in capital letters): **Debra Jackson**          Qualification and title:

Address      20930 Woodland Hills, CA 91367        DVM

Telephone:  818-710-8528

Date:    04/09/2020                        Signature:

Stamp:

Warner Center Pet Clinic
20930 Victory Blvd.
Woodland Hills, CA 91367
USDA, APHIS VS 10-8528

*Debra Jackson*

Endorsement by the competent authority (only necessary if the certificate is signed by an official veterinarian)

Name (in capital letters):      ANIMAL IMPORT CENTER          TESS A. MIAZGOWICZ, DVM
                                222 Kansas Street
Address                         El Segundo, CA 90245

Telephone:

Date:  04/09/2020                        Signature:

Stamp:

Official at the travellers' point of entry (for the purpose of further movement into other Member States)

Name (in capital letters):                          Title:

Address

Telephone:

E-mail address:

Date of completion of the documentary and identity checks:      Signature:        Stamp:

2019/1293

Page 4 of 4

**Heathrow Animal Reception Centre**
Beacon Road, Hounslow, Middlesex. TW6 3JF
Tel +44 (0)20 8745 7894 Fax +44 (0)20 8759 3477
HARC.generalenq@cityoflondon.gov.uk
www.cityoflondon.gov.uk/harcassistance
🐦 @HARC_COL
📘📷 /colharc

## Halo's Pre-Approval

To: American Airlines

PNR Reference: AHAFVH

ARC reference: 62534

This letter is to confirm that sufficient PETS* paperwork has been received for passenger Kennyko

Avery's assistance Dog "Halo", a Cream French Bulldog. This letter authorizes American Airlines to

transport the above assistance Dog in accordance with its Defra approved MOU*** or RMOP**** on

the AA106 arriving at Heathrow on the 09/09/2020. This pre-approval can only be used for this

scheduled flight.

Acceptance of this assistance Dog is at the discretion of the carrying airline. For further information

please visit www.cityoflondon.gov.uk/harcassistance.

**HARC staff will attend the inbound aircraft to check the microchip and original PETS paperwork which**

**must be carried by the passenger. You have a legal obligation under Regulation 576/2013 Article 34**

**(2) to ensure that your assistance Dog is checked by HARC staff.**

Regards,
Heathrow Animal Reception Centre

---

*Pet Travel Scheme        ***Memorandum of Understanding
**Heathrow Animal Reception Centre     ****Required Method of Operation



Animal Reception Centre
Beacon Road
London Heathrow Airport
Hounslow
Middlesex TW6 3JF
harc.generalenq@cityoflondon.gov.uk

Pre-approval issued 07/09/2020.







*original filing*

TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| EXPNDBL PHDC 9X12 | 1 | $2.99 | $2.99 |
| Priority Mail® | 1 | | $10.10 |

Flat Rate Env
    DHS, VA 20598
    Flat Rate
    Expected Delivery Date
    Mon 06/23/2025
    Tracking #:
        9505 5114 6564 5168 3633 75

| Insurance | | | $0.00 |
| Up to $100.00 included | | | |

| Total | | | $10.10 |

| | | | $31.40 |

PM Express                        1
Flat Rate Env
    Washington, DC 20001
    Flat Rate
    No Service Guarantee 06/18/25 06:00 PM
    Loss Guarantee Only
    Signature Waiver
    Tracking #:
        ER212165078US

| Insurance | | | $0.00 |
| Up to $100.00 included | | | |

| Total | | | $31.40 |

| Grand Total: | | | $44.49 |

| | | | $44.49 |

Debit Card Remit
    Card Name: VISA
    Account #: XXXXXXXXXXXX9112
    Approval #: 154249
    Transaction #: 464
    Receipt #: 039242
    Debit Card Purchase: $44.49
    AID: A0000000980840   Contactless
    AL: US DEBIT

TO REPORT AN ISSUE
Visit https://emailus.usps.com

The timeliness of service to or from

# ER212165078US

 Copy     Add to Informed Delivery

**Scheduled Delivery by**

## WEDNESDAY

# 18 June 2025 ⓘ

## by 6:00pm ⓘ

Your item was delivered to the front desk, reception area, or mail room at 2:49 pm on June 20, 2025 in WASHINGTON, DC 20001. Waiver of signature was exercised at time of delivery.

_____

**Get More Out of USPS Tracking:**

 **USPS Tracking Plus®**

 **Delivered**
**Delivered, Front Desk/Reception/Mail Room**
WASHINGTON, DC 20001
June 20, 2025, 2:49 pm

**See All Tracking History**

**What Do USPS Tracking Statuses Mean?**

_____

## Text & Email Updates                    ⌄

_____

~~Proof of Delivery~~                       ⌄

 tools.usps.com    

  

Visit **theupsstore.com** to find a location near you.

**Domestic Shipments**
· To qualify for the Letter rate, UPS Express Envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express Envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

**International Shipments**
· The UPS Express Envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.

· To qualify for the Letter rate, the UPS Express Envelope must weigh 8 oz. or less. UPS Express Envelopes weighing more than 8 oz. will be billed by weight.

**Note:** Express Envelopes are not recommended for shipments of electronic media containing sensitive personal information or breakable items. Do not send cash or cash equivalent.

**Apply shipping documents on this side.**

Do not use this envelope for:

**UPS Ground®**
**UPS Standard®**
**UPS 3 Day Select®**
**UPS Worldwide Expedited®**

Visit **theupsstore.com** to learn more about our Print & Business Services.



UPS NEXT DAY AIR SAVER

TRACKING #: 1Z 4EX 249 13 8416 4058

BILLING: P/P

WASHINGTON DC 20001-2804

MD 201 9-83

1P

SHIP
TO:
KENYKO AVERY
(302)-428-1000
THE UPS STORE #2263
8348 N MILWAUKEE AVE
CHICAGO IL 80646-3752

U.S. COURT OF APPEALS FOR THE DC CIIRCUIT
CLERK OF THE COURT
333 CONSTITUTION AVE NW

1 LBS 1 OF 1
SHP WT: 1 LBS
DWT: 15.12.1
DATE: 26 JUN 2025

United Parcel Service.



International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

01880250709   08/21   United Parcel Service